IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARLENE MEYERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-0593-D |
| | § | |
| WALMART, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Marlene Meyers ("Meyers") sues defendant Walmart, alleging that it violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, by terminating her employment in retaliation for reporting a perceived incident of sexual harassment.[1] Walmart moves for summary judgment. Because Meyers has failed to produce sufficient evidence for a reasonable jury to find that Walmart's legitimate, nonretaliatory reason for terminating Meyers' employment is a pretext for retaliation, the court grants the motion and dismisses this action.

I

Meyers contends that Walmart retaliated against her, in violation of Title VII, by

---

[1]Meyers also asserted a sex discrimination claim. On June 8, 2022 the court dismissed that claim based on Walmart's motion to dismiss under Fed. R. Civ. P. 12(b)(6). Meyers also sued Charlie Jackson, Kimberly Pettit, and Tara Barns. The court dismissed her actions against them by Rule 54(b) final judgment on May 5, 2022. Meyers acknowledges in her brief that her "allegation of retaliation against Walmart is the only remaining cause of action." P. Br. 5.

terminating her employment after she made an open door complaint about sexual harassment: being required to comply with the Walmart Dress Code Policy. Walmart moves for summary judgment, contending that Meyers was terminated due to a companywide, neutrally applied overstaffing underperformer directive that was implemented throughout the United States starting in February 2020 and that required that Assistant Managers who had underperformed in FY19 and FY20 performance evaluations be terminated. Walmart maintains that Meyers cannot prove that the overstaffing underperformer directive is not the real reason she was terminated. It also contends that the individual who directed that Meyers be terminated had no knowledge of Meyers' open door complaint at the time of her termination. Meyers opposes Walmart's motion, which the court is deciding on the briefs, without oral argument.

II

When a party moves for summary judgment on a claim on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party does so, the nonmovant must go beyond her pleadings and designate specific facts showing there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen*

*Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet his burden. *Little*, 37 F.3d at 1076.

### III

### A

Title VII prohibits employers from retaliating against employees who engage in a protected activity. 42 U.S.C. § 2000e-3(a).[2] Because Meyers relies on circumstantial evidence to support her retaliation claim, *see* P. Br. 7-9, she must proceed under the familiar *McDonnell Douglas* burden-shifting framework. *See, e.g.*, *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) ("A retaliation claim that is premised on a pretextual rationale for dismissal is analyzed under the *McDonnell Douglas* framework.").

Meyers must first demonstrate a prima facie case of retaliation by showing that (1) she engaged in a protected activity, (2) an adverse employment action occurred, and (3) a causal link existed between the protected activity and the adverse employment action. *See, e.g.*, *Walker v. Norris Cylinder Co.*, 2005 WL 2278080, at *9 (N.D. Tex. Sept. 19, 2005) (Fitzwater, J.) (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996)). As to the

---

[2]42 U.S.C. § 2000e-3(a) provides, in relevant part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

third element, the requirement that a plaintiff show at the prima facie case stage a "causal link" between a protected activity and an adverse employment action is "much less stringent" than the "but[-]for" causation that a jury must find. *Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir. 2001); *see also Khanna v. Park Place Motorcars of Hous., Ltd.*, 2000 WL 1801850, at *4 (N.D. Tex. Dec. 6, 2000) (Fitzwater, J.) (characterizing this prima facie case burden as "minimal").

If Meyers establishes a prima facie case, the burden shifts to Walmart to articulate a legitimate, nonretaliatory reason for the alleged retaliatory action taken. *See Walker*, 2005 WL 2278080, at *9. This burden is one of production, not of proof. *See Wooten v. Fed. Express Corp.*, 2007 WL 63609, at *16 (N.D. Tex. Jan. 9, 2007) (Fitzwater, J.), *aff'd*, 325 Fed. Appx. 297 (5th Cir. 2009). It involves no credibility assessments. *See, e.g., West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 385 (5th Cir. 2003) (quoting *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000)).

If Walmart meets its production burden, the burden shifts back to Meyers to produce evidence that would enable a reasonable jury to find that retaliation for Meyers' protected conduct, rather than Walmart's proffered legitimate, nonretaliatory reason, was the "but-for cause" of the adverse employment action. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013) ("Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action."); *see also, e.g., Coleman v. Jason Pharms.*, 540 Fed. Appx. 302, 304 (5th Cir. 2013) (per curiam) ("An employee establishes pretext by showing that the adverse action would not have occurred 'but for' the

employer's retaliatory reason for the action."). "In order to avoid summary judgment, [Meyers] must show 'a conflict in substantial evidence' on the question of whether [Walmart] would not have taken the action 'but for' the protected activity." *Coleman*, 540 Fed. Appx. at 304 (quoting *Long*, 88 F.3d at 308).

B

The court will assume, without deciding, that Meyers has established a prima facie case of retaliation (including that she engaged in a protected activity, which Walmart contests). The burden now shifts to Walmart to articulate a legitimate, nonretaliatory reason for Meyers' termination. Walmart has met this burden by producing evidence that Walmart implemented a neutrally applied overstaffing underperformer directive across all four divisions in the United States starting in February 2020—a directive that predated Meyers' open door complaint and that required that Assistant Managers who had underperformed in FY19 and FY20 performance evaluations be terminated.

C

The burden has now shifted back to Meyers to prove "by a preponderance of the evidence that the reasoning presented by the defendant is a pretext for retaliation." *Smith v. Sw. Bell Tel. Co.*, 456 Fed. Appx. 489, 492 (5th Cir.2012) (per curiam) (quoting *Mauder v. Metro. Transit Auth. of Harris Cnty., Tex.*, 446 F.3d 574, 584 (5th Cir.2006)) (internal quotation marks omitted). At the summary judgment stage, of course, Meyers need only present sufficient evidence to raise a genuine issue of material fact. *See, e.g., Jackson v. Fed. Express Corp.*, 2006 WL 680471, at *6 (N.D. Tex. Mar. 14, 2006) (Fitzwater, J.) ("Because

[defendant] has satisfied its burden to produce a legitimate, nondiscriminatory reason for [plaintiff's] discharge, in order for [plaintiff] to survive summary judgment, he must create a genuine and material fact issue regarding the ultimate question of discrimination."). Meyers can demonstrate pretext "by showing that [Walmart's] proffered explanation is unworthy of credence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (citation and internal quotation marks omitted). "An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

Meyers has failed to produce evidence that would enable a reasonable jury to find that retaliation was the but-for cause of her termination. Meyers relies on the timing of her termination (February 16, 2020) in relation to the timing of her complaint about sexual harassment (February 7, 2020) and on the assertion that there is no admissible evidence that she was terminated for underperforming, having never received a negative performance evaluation in seven years of employment with Walmart.

Although "the combination of suspicious timing with other significant evidence of pretext, can be sufficient to survive summary judgment," *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 409 (5th Cir. 1999), Walmart has produced evidence that explains the timing of its termination decision: it was on February 12, 2020 when the Divisional Human Resource Director, Regional Human Resource Director, and the Market Human Resource Manager received the list of associates in their division who were subject to being terminated based on performance deficiencies that occurred between February 2, 2018 to January 1,

2020. In other words, it was merely coincidental that Meyers' complaint occurred in close proximity to when her employment was terminated.

Moreover, Walmart has introduced unrefuted evidence that, on February 14, 2020, the Manager of Meyers' store was notified for the first time by Market Human Resource Manager Brian Nowak Johnson ("Johnson") that Meyers was to be terminated for performance deficiencies as part of the underperformer initiative, and that Johnson had no knowledge of Meyers' open door complaint at the time of her termination. "If an employer is unaware of an employee's protected conduct at the time of the adverse employment action, the employer plainly could not have retaliated against the employee based on that conduct." *Ackel v. Nat'l Comm'cns, Inc.*, 339 F.3d 376, 386 (5th Cir. 2003) (quoting *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 168 (5th Cir. 1999)).

Accordingly, the court holds that Walmart is entitled to summary judgment dismissing Meyers' retaliation claim because a reasonable jury could not find that Walmart's desire to retaliate was the but-for cause of her termination. Walmart's motion for summary judgment is granted, and this suit is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

August 1, 2023.

                                                      SIDNEY A. FITZWATER
                                                     SENIOR JUDGE